1  Lawrence H. Meuers, Esq. (SBN: 197663)
   MEUERS LAW FIRM, P.L.
2  5395 Park Central Court
   Naples, FL 34109-5932
3  Telephone: (239) 513-9191
   Facsimile: (239) 513-9677
4
   Attorneys for Plaintiff
5

FILED   *Feelaid*
*S1*

2008 SEP -3 P 2: 31

(99)

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

6

7

8                    *ADR*

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
                   SAN JOSE DIVISION

10  CHARLIE'S ENTERPRISES, INC. dba
    OK PRODUCE,
11
              Plaintiff,
12
    vs.
13
    KIMOMEX MARKETS, INC. dba
14  MERCADOS SUVIANDA; ALBERT T.    C08   04167
    LUJAN and BYRON E. FETTERS,
15
              Defendants.
16

17              **CIVIL ACTION COMPLAINT**     BY FAX

18  For its Complaint, Plaintiff respectfully states as follows:

19                    **THE PARTIES**

20  1.    Plaintiff is Charlie's Enterprises, Inc. dba OK Produce ("OK Produce"), a

21  California corporation with its principal place of business located at 1762 G Street,

22  Fresno, California.

23  2.    Plaintiff is engaged in the business of buying and selling wholesale

24  quantities of perishable agricultural commodities (hereafter "Produce") in interstate

25  commerce.

26  3.    Defendants are:

27

28

Complaint                                          Page 1 of 8

a) Kimomex Markets, Inc. dba Mercados Suvianda (the "Debtor" or "Kimomex"). Upon information and belief, Kimomex is a California corporation with its principal place of business located at 1640 Berryessa Road, Suite A, San Jose, California. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA");

b) Albert T. Lujan ("Lujan") an individual, upon information and belief, is the President and CEO of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Lujan is a resident of San Jose, California; and

c) Byron E. Fetters ("Fetters") an individual, upon information and belief, is the CFO and Secretary of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Fetters is a resident of Fremont, California.

4. Kimomex, Lujan and Fetters will be collectively referred to as "Defendants." Lujan and Fetters will be collectively at times referred to as the "Principals."

**JURISDICTION AND VENUE**

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this

1   District.

2   **CLAIMS FOR RELIEF**

3   **COUNT I. - DEFENDANT KIMOMEX**

4   **DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM**

5   *7 U.S.C. § §499e(c)(3) and (4)*

6        7.     Plaintiff re-alleges ¶¶ 1 through 6 as if stated herein.

7        8.     At all times relevant to this action, Kimomex was a commission merchant,

8   dealer or broker operating subject to the provisions of the Perishable Agricultural

9   Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA").

10       9.     Between February 18 and August 22, 2008, Plaintiff sold to Kimomex in

11   interstate commerce, and Kimomex purchased from Plaintiff, Produce in the total

12   amount of $501,694.63.

13       10.    Plaintiff delivered the produce to Kimomex and Kimomex accepted the

14   Produce from Plaintiff.

15       11.    Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Kimomex's receipt of

16   the Produce, Kimomex became trustee of the PACA trust for the benefit of Plaintiff in

17   the amount of $501,694.63.  The PACA trust consists of all Kimomex's inventories of

18   perishable agricultural commodities ("Produce"), food or products derived from

19   Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or

20   Products, and assets commingled or purchased or otherwise acquired with proceeds of

21   such Produce or Products (assets subject to the PACA Trust are hereinafter referred to

22   as "PACA Trust Assets")

23       12.    Plaintiff gave written notice of intent to preserve trust benefits to

24   Kimomex in accordance with the PACA Amendments of 1995 by including the

25   statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and

26   by hand-delivering those invoices to Kimomex.

27       13.    Kimomex failed to pay for the Produce despite Plaintiff's repeated

28

1  demands.

2    14.    Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and

3  seller of Produce, and is  entitled to PACA trust protection and payment from

4  Kimomex's PACA Trust Assets.

5    15.    Plaintiff seeks the entry of an Order declaring that it is a PACA trust

6  beneficiary of Kimomex with a valid PACA trust claim in the amount of  $501,694.63,

7  plus interest from the date each invoice became past due, costs and attorneys' fees.

8  ## COUNT II - DEFENDANT KIMOMEX

9  ## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

10  ### 7 U.S.C. §499e(c)(5)

11    16.    Plaintiff re-alleges ¶¶ 1 through 15 as if stated herein.

12    17.    Kimomex is in possession, custody and control of PACA trust assets for

13  the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

14    18.    Kimomex failed to pay Plaintiff for the shipments of Produce listed above

15  at ¶9 from the PACA trust assets.

16    19.    As a direct result of Kimomex's failure to promptly pay Plaintiff, Plaintiff

17  suffered damages that are covered under the PACA trust in the amount of $501,694.63,

18  plus interest from the date each invoice became past due, costs and attorneys' fees.

19    20.    Plaintiff seeks the entry of an Order directing Kimomex to immediately

20  turn over to the Plaintiff, as a beneficiary  of this trust, an amount of the PACA Trust

21  Assets equal to the sum of $501,694.63, plus interest from the date each invoice became

22  past due, costs and attorneys' fees.

23  ## COUNT III - DEFENDANT KIMOMEX

24  ## VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA

25  ## TRUST ASSETS AND CREATION OF COMMON FUND

26  ### 7 U.S.C. §499b(4)

27    21.    Plaintiff re-alleges ¶¶ 1 through 20 as if stated herein.

28

Complaint

22.    Kimomex received each of the shipments of Produce identified in ¶9 above.

23.    Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24.    PACA requires Kimomex, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25.    Kimomex has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

26.    As a direct result of Kimomex's failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees.

27.    Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Kimomex to maintain PACA Trust Assets equal to the sum of $501,694.63, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Kimomex to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Kimomex from dissipating PACA Trust Assets.

## COUNT IV - DEFENDANT KIMOMEX

## VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

### 7 U.S.C. §499b(4)

28.    Plaintiff re-alleges ¶¶ 1 through 27 as if stated herein.

29.    Kimomex received each of the shipments of Produce identified in ¶9 above.

30.    PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7

Complaint

C.F.R. §46.2(aa).

31.    Kimomex failed to pay these invoices within the payment terms.

32.    As a direct result of Kimomex's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees.

33.    Plaintiff seeks entry of an Order directing Kimomex to immediately pay Plaintiff the sum of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V - DEFENDANT KIMOMEX

## BREACH OF CONTRACT

34.    Plaintiff re-alleges ¶¶ 1 through 33 as if stated herein.

35.    Between February 18 and August 22, 2008, Plaintiff and Kimomex entered into contracts under which Plaintiff agreed to sell and Kimomex agreed to purchase Produce and other commodities in the total amount of $535,947.35.

36.    Kimomex breached its contracts with Plaintiff by failing to pay for each shipment.

37.    As a direct result of Kimomex's breach of contract, the Plaintiff has incurred damages in the amount of $535,947.35, plus interest from the date each invoice became past due, costs and attorneys' fees.

38.    Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Kimomex in the amount of $535,947.35, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI - THE PRINCIPALS LUJAN AND FETTERS

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39.    Plaintiff re-alleges ¶¶ 1 through 38 as if stated herein.

40.    At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Kimomex.

Complaint

41.     As the Principals of Kimomex, Lujan and Fetters had a duty to ensure that Kimomex fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42.     The Principals had full knowledge and responsibility for the handling of Kimomex's duties as trustee of the PACA trust.

43.     The Principals controlled or had a duty to control Kimomex's operations and financial dealings, including those involving the PACA Trust Assets.

44.     Kimomex breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45.     The Principals breached their respective fiduciary duties to direct Kimomex to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Kimomex.

46.     As a direct result of the Principals respective breaches of fiduciary duty, the Plaintiff has incurred damages in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees.

47.     The Principals are personally liable to Plaintiff for their respective breaches of fiduciary duty in dissipating the PACA trust to the extent of $501,694.63 plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48.     Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

Complaint

i.   As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Kimomex with a valid PACA trust claim in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees;

ii.  As to Count II, directing Kimomex to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees;

iii. As to Count III, directing Kimomex to maintain PACA Trust Assets equal to the sum of $501,694.63, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Kimomex from dissipating PACA Trust Assets and directing Kimomex to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

iv.  As to Count IV, directing Kimomex to immediately pay Plaintiff the sum of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees;

v.   Enter Final Judgment in favor of Plaintiff and against Kimomex on Counts I through IV, in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees;

vi.  As to Count V, entering judgment in favor of Plaintiff and against Kimomex in the amount of $535,947.35, plus interest from the date each invoice became past due, costs and attorneys' fees;

vii. As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $501,694.63, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets; and

viii. Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Wednesday, September 03, 2008.

MEUERS LAW FIRM, PL

*Lawrence H. Meuers*

Lawrence H. Meuers
*California Bar No. 197663*
Katy Koestner Esquivel
5395 Park Central Court
Naples, Florida 34109-5932
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com

*Attorneys for Plaintiff*

Complaint

JS 44 (Rev 12/07) (cand rev 1-16-08)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

CHARLIE'S ENTERPRISES, INC. dba OK PRODUCE

**DEFENDANTS**

KIMOMEX MARKETS, INC. dba MERCADOS SUVIANDA, ALBERT T. LUJAN and BYRON E. FETTERS

**(b)** County of Residence of First Listed Plaintiff    Fresno, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara, California,
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lawrence H. Meuers, Meuers Law Firm, P.L., 5395 Park Central Ct, Naples, FL 34109, (239)513-9191

Attorneys (If Known)

## C08 04167 RS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. § 499e(c)
Brief description of cause:
Enforcement of the Perishable Agricultural Commodities Act, 1930

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 501,694.63   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE    9/3/08

SIGNATURE OF ATTORNEY OF RECORD    *Lawrence H. Meuers*

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.