Lawrence H. Meuers, Esq. (SBN: 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239) 513-9191
Facsimile: (239) 513-9677

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHARLIE'S ENTERPRISES, INC. dba
OK PRODUCE,

    Plaintiff,

vs.

KIMOMEX MARKETS, INC. dba
MERCADOS SUVIANDA; ALBERT T.
LUJAN and BYRON E. FETTERS,

    Defendants.

C08 04167 RS

BY FAX

### [PROPOSED] PRELIMINARY INJUNCTION ORDER

Plaintiff's Motion for Preliminary Injunction under the Federal Rules of Civil Procedure 65(a), came before this Court on _____, September, 2008 at _____ ☐ a.m. ☐ p.m., after proper notice was issued. Counsel for the Plaintiff appeared in person. Defendants failed to appear, despite having been properly served with notice of this hearing/Counsel for Defendants appeared in person.

On or about September 3, 2008, Plaintiff commenced the above entitled action against Defendants Kimomex Markets, Inc. dba Mercados Suvianda ("Kimomex") Albert T. Lujan and Byron E. Fetters, (collectively referred to as the "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c)(2) ("PACA"). As

1  part of its action, the Plaintiff sought injunctive relief against the Defendants to enjoin
2  and restrain them from violating the provisions of PACA and from dissipating assets
3  subject to the PACA Trust.
4      On or about _____, on behalf of Plaintiff, the undersigned United States
5  District Court Judge issued an Order to Show Cause for Temporary Restraining Order
6  enjoining Defendant Kimomex, its agents, officers, subsidiaries, assigns, and banking
7  institutions from alienating, dissipating, paying, or assigning any PACA trust assets,
8  without agreement of the parties or until further order of this Court, or until said
9  Defendant pays Plaintiff the sum of $501,694.53 by cashiers' check or certified check.
10     This Court scheduled a hearing for entry of a Preliminary Injunction and ordered
11 the Plaintiff to serve a copy of the Temporary Restraining Order on the Defendants.
12     Plaintiff has served copies of the TRO on all Defendants.
13     On _____, the hearing on Plaintiff's Motion for Preliminary Injunction
14 came before this Court.
15     Based upon Plaintiff's pleadings, the testimony and Declaration/Declaration,
16 and the supporting documents, the Court finds that Defendant Kimomex purchased
17 501,694.53 in perishable agricultural commodities in interstate commerce from Plaintiff,
18 that Plaintiff provided Defendant Kimomex proper notice of intent to preserve trust
19 benefits and that Defendant Kimomex failed to pay Plaintiff for the perishable
20 agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).
21     The Court further finds that Defendants have in fact dissipated the PACA trust
22 by failing to maintain sufficient "freely available" assets to satisfy Plaintiff's PACA trust
23 claims.
24     Plaintiff has established that there is sufficient evidence of dissipation of assets
25 subject to the PACA trust to warrant the relief granted in this order and the Court
26 concludes that a Preliminary Injunction should be issued.
27     Based on the foregoing, **IT IS HEREBY ORDERED** that:
28

Preliminary Injunction Order                                                    Page 2 of 4

1. Kimomex and its agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Defendant Kimomex, including but not limited to, any and all bank accounts at any and all financial institutions, including but not limited to those accounts at Bridge Bank unless the Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Plaintiff shall not be required to give security in view of the fact that Defendant Kimomex now holds 501,694.53 of PACA trust assets that belong to Plaintiff and that this Order merely requires said Defendant to obey the requirements of PACA.

3. Within 48 hours of the entry of this Order, Defendant Kimomex shall assign all of its accounts receivable to Plaintiff and deposit and/or deliver complete accounts, records and information of all of its accounts receivable to Plaintiff's counsel subject to those accounts receivable being collected by Plaintiff's counsel.

4. Defendant Kimomex shall endorse any checks made, endorsed or paid to it which are trust assets and which are in its possession or obtainable by it at the time of the entry of this Order, or which it obtains or which become obtainable by it after entry of this Order, and deliver them, within 48 hours of receipt, to Plaintiff's counsel to be held in trust pending further determination by this Court as to the distribution of those funds.

5. Defendants Kimomex, Albert T. Lujan and Byron E. Fetters, shall use their best efforts to cooperate with Plaintiff in any action which Plaintiff or its counsel

1 may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

6. Immediately after the entry of this Order, Albert T. Lujan and Byron E. Fetters, shall grant Plaintiff and its counsel, agents or employees, full, complete and continuing access to all of the books and records of Defendant Kimomex, which shall include but not be limited to tax returns, accounts, invoices, ledgers, computer runs, bank statements and canceled checks relating to Kimomex for the purpose of verifying the accounting as ordered by this Court.

7. This Order shall be binding upon Defendant Kimomex, and its officers (including Albert T. Lujan and Byron E. Fetters,), agents, servants, employees, banking and financial institutions, attorneys and/or all other persons acting in concert or participating with it who receive actual notice of this Order.

8. This Order shall continue in full force and effect, except upon further Order of this Court.

9. This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

**DONE and ORDERED,** this _____ day of September, 2008 at San Jose **California**.

_____
**United States District Judge**
**Northern District of California**