1  Lawrence H. Meuers, Esq. (SBN: 197663)
   MEUERS LAW FIRM, P.L.
2  5395 Park Central Court
   Naples, FL 34109-5932
3  Telephone: (239) 513-9191
   Facsimile: (239) 513-9677
4
   Attorneys for Plaintiff
5

6

7

8

9

10

FILED

2008 SEP -3 P 2: 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

10  CHARLIE'S ENTERPRISES, INC. dba
    OK PRODUCE,
11
              Plaintiff,
12
       vs.
13
    KIMOMEX MARKETS, INC. dba
14  MERCADOS SUVIANDA; ALBERT T.
    LUJAN and BYRON E. FETTERS,
15
              Defendants.
16

C08  04167

RS

BY FAX

17        PLAINTIFF'S MEMORANDUM IN SUPPORT
18   OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

19        Plaintiff, Charlie's Enterprises, Inc. dba OK Produce, ("Plaintiff"), submits this, its

20  Memorandum in support of its Ex Parte Motion for Temporary Restraining Order

21  pursuant to Fed. R. Civ. P. 65(b), and its Motion for Preliminary Injunction pursuant to

22  Rule 65(a). Submitted herewith in support of Plaintiff's Motion is the sworn Declaration

23  of Melissa Garcia, Accounts Receivable Manager of Charlie's Enterprises, Inc. dba OK

24  Produce, along with the Certification of Applicant's Attorney as to why notice is not

25  required.

26                        **INTRODUCTION**

27        Plaintiff is engaged in the business of buying and selling wholesale quantities of

28

1    perishable agricultural commodities (hereafter "Produce") in interstate commerce.

2        Kimomex Markets, Inc. dba Mercados Suvianda ("Kimomex"), upon information

3    and belief, is a California corporation with its principal place of business in San Jose,

4    California and is and was at all times pertinent herein, a dealer and commission

5    merchant and subject to the provisions of the Perishable Agricultural Commodities Act

6    ("PACA"). Plaintiff seeks enforcement of the statutory trust established under the

7    PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 C.F.R. Part 46,

8    49 Fed. Reg. 45735 (Nov. 20, 1984).  The Court's jurisdiction is invoked pursuant to 7

9    U.S.C. §499e(c)(5).

10                    **THE PACA TRUST**

11        The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in

12    the marketing of fruits and vegetables in interstate and foreign commerce" and

13    "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their

14    contracts." 49 Fed. Reg at 45737.

15        In 1984, the PACA was amended to ensure that suppliers of produce are paid by

16    imposing a statutory trust on all produce-related assets, such as the produce itself or

17    other products derived therefrom, as well as any receivables or proceeds from the sale

18    thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2).

19    Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F. 3d 132 (3rd Cir. 2000).  The

20    trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who

21    provided the commodities until full payment has been made.  Id.  The trust provision

22    thus offers sellers of produce, "a self-help tool that will enable them to protect

23    themselves against the abnormal risk of losses resulting from slow-pay and no-pay

24    practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

25        Failure to maintain the trust and make full payment promptly to the trust

26    beneficiary is unlawful. 7 U.S.C. §499b(4).  Produce dealers "are required to maintain

27    trust assets in a manner that such assets are freely available to satisfy outstanding

28

obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 C.F.R. §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 C.F.R. §46.46(b)(2)), is forbidden. 7 C.F.R. §46.46(e)(i).

## ENTITLEMENT TO TEMPORARY
## RESTRAINING ORDER WITHOUT NOTICE

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a Temporary Restraining Order may be issued without notice:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by Declaration or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicants' attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In seeking relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff relies exclusively upon the Declaration of Melissa Garcia, Accounts Receivable Manager of Charlie's Enterprises, Inc. dba OK Produce , which state clearly that:

a) Plaintiff has not been paid for $501,694.63 worth of produce that it sold to Defendant Kimomex. (See ¶8 of the Declaration of Melissa Garcia, filed contemporaneously herewith).

a) Kimomex has been a customer of OK Produce since late 2006, and has historically been a slow-paying customer. (¶11)

b) Kimomex opened a second location in the spring of 2008. Since then, OK Produce has become increasingly concerned about Kimomex's ability to pay. (¶12)

c) A pattern has emerged where Kimomex has been providing payment information that is not accurate, and Plaintiff has had increasing difficulty obtaining payment information. (¶14)

d) On June 16, 2008, Kimomex's President acknowledged that Kimomex was "out of terms" and has since made 2 proposals for paying in full the amounts owed to OK Produce by July 14, none of which were made. (¶¶16, 17, 18)

e) Small payments have been trickling in on average every 10 days, and after Plaintiff has made a number of calls seeking payment. (¶18)

f) Defendant Kimomex oftentimes omits payment for some of the invoices issued by Plaintiff. (¶19)

g) Plaintiff believes that Kimomex has failed to maintain sufficient trust assets to satisfy its obligations to OK Produce, and is dissipating PACA trust assets. (¶22)

All of this evidence indicates that the Defendant Kimomex is in severe financial jeopardy and the PACA trust assets are being threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).

Providing notice will only provide Defendants with advance warning that an order may be entered, thereby giving time to Defendants to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order. Thus, a further loss of trust assets would result if there is notice. Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, J.R. Brooks & Son, Inc. v. Norman's Country Market Inc, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to Plaintiffs and other trust creditors would be irreparable. Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc, 751 F.Supp. 64 (W.D. Pa. 1990). Furthermore, a prompt hearing will be held on Plaintiff's Motion for Preliminary Injunction, and Defendants can file an immediate application to dissolve the Temporary Restraining Order under Rule 65(b).

Caselaw supports Plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

1    The standard for granting injunctive relief in the Ninth Circuit requires the

2    moving party to show: (1) a strong likelihood of success on the merits; (2) irreparable

3    harm if the relief is not granted; (3) that the threatened injury to the movant outweighs

4    whatever damage the proposed injunction may cause to the opposing party; and (4) the

5    issuance of the injunction will not be adverse to the public interest.    Regents of

6    University of California v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984); Los Angeles

7    memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir.

8    1980).  The facts in this case show that the plaintiff is entitled to the requested relief.

9    Always, of course, the public interest should be considered. Blackwelder, 550 F.2d at

10   196.

11    There are also a number of unreported cases from the Ninth Circuit supporting

12   the issuance of temporary restraining orders without notice to halt dissipation of trust

13   assets.  See Orders issued by United States District Courts in the state of California

14   attached hereto as Composite Exhibit A:   Chiquita Fresh, N.A., L.L.C. v. Sammy's

15   Produce, Inc., et al. Case No. 08cv714-JLS (S.D.C.A., April 22, 2008); Sammy's Produce,

16   Inc. v. Hierro's Market & Carniceria and Eduardo Hierro Case No. 08-cv-860 H (POR)

17   (S.D.C.A., May 19, 2008); Sucasa Produce and P.D.G. Produce v. Sammy's Produce, et.

18   al. Case No. 08-cv-914-JLS (S.D.C.A., May 23, 2008); Direct Produce, Inc. v. Vien Dong,

19   Inc. et al Case No. 2:08-cv-05421-MMM-RZ (C.D.C.A., August 20, 2008); Riverwood

20   Produce Sales, Inc. v. Emerald Coast Finest Produce of Mobile, LLC. Case No. 3:08-cv-

21   36 – LAC (N.D.C.A., January 28, 2008); Pacific International Vegetable Marketing, Inc. v.

22   Timothy Donlon, Case No. 07-01997 (N.D.Ca. April 11, 2007); Tom Drulias dba T.D.

23   Produce Sales v. Golden Rule Produce, Inc., Case No. 07-01223 (N.D.Ca. March 1, 2007);

24   Inn Foods, Inc. v. Turner Mead, LLC, Case No. 07-00649 (N.D.Ca. February 9, 2007);

25   Natural Selection Foods, LLC v. Premium Fresh Farms, LLC, Case No. 07-00197

26   (N.D.Ca. January 11, 2007) and Andrew Smith Company v. Naturebest Pre Cut &

27   Produce, LLC, Case No. (N.D.Ca. February 3, 2006)

28

1    The facts in this case show that Plaintiff is entitled to the requested relief.

2    **1.    Likelihood of success on the merits**

3    Plaintiff's Declaration demonstrates that Plaintiff is owed for non-payment of

4    produce and has properly preserved its trust claim in the amount of $501,694.63 as

5    required under the PACA and implementing regulations. Defendants have no defense

6    to these claims under the PACA. Accordingly, Plaintiff will almost certainly prevail in

7    any hearing on the merits of its claim.

8    **2.    Irreparable harm**

9    In cases interpreting the rights of PACA creditors, courts in other jurisdictions

10   have recognized that, without injunctive relief, Plaintiffs faced with an insolvent debtor

11   will receive neither the trust assets, nor the proceeds of such assets. See Gullo Produce,

12   751 F.Supp. at 67. This has been found to constitute irreparable harm. Id.; See also Frio

13   Ice, 918 F.2d at 159 ("[t]he legislative history [of the PACA] noted that once the trust is

14   dissipated it is almost impossible for the beneficiary to obtain recovery"). A moving

15   party need only show actual dissipation or the threat of dissipation of the PACA trust in

16   order to obtain injunctive relief and a segregation of the trust proceeds. Frio Ice, 918

17   F.2d at 159, n. 8.

18   In the instant case, injunctive relief will force Defendants to cease dissipation of

19   the PACA trust, prevent non-trust creditors from obtaining trust assets ahead of the

20   trust's beneficiaries as well as other produce creditors not entitled to remedies under the

21   PACA, and require Defendants to return the trust to a fully-funded level sufficient to

22   satisfy the claims of qualified beneficial interests in full. In short, it will force

23   Defendants to comply with the law. Because it is virtually impossible to recover trust

24   assets once they have been dissipated, the loss to Plaintiff and other trust creditors is

25   irreparable.

26   **3.    Balancing of harm**

27   The Defendants cannot be harmed by the issuance of an injunction because the

28

1  relief Plaintiffs seek is merely to force the Defendants to comply with its pre-existing

2  obligations under federal law - that is, to preserve the PACA trust assets for the benefit

3  of PACA beneficiaries and make "full payment promptly" on all produce related

4  invoices.  On the other hand, the risk of harm to Plaintiff is great if Defendants are

5  allowed to further dissipate trust assets.  As stated above, numerous courts have

6  recognized the fact that once the PACA trust assets are dissipated, an unpaid trust

7  claimant in Plaintiff's position is extremely unlikely to recover any portion of its

8  beneficial interest in the trust, a result contrary to the express purpose of the statute.

9  **4.    Public interest**

10  The strong preference for PACA trust creditors which Congress expressed in the

11  1984 trust amendments to the PACA clearly demonstrates the public interest at stake in

12  this case.  These safeguards were established in order to assure payment to the

13  producers of perishable agricultural products.  There can scarcely be a more vital public

14  concern than the economic security of this nation's food supply.  This supply and

15  distribution chain consists of the very same growers, producers and distributors, which

16  Congress sought to protect by enacting this legislation.  To deny Plaintiff the requested

17  relief would be to erode the protection Congress guaranteed these parties by passing

18  the PACA and the regulations promulgated thereunder.  Therefore, the requested

19  injunction is clearly in the public interest.

20  The instant claim for relief meets each of these tests, and accordingly, should be

21  granted in all respects.

22  Case law supports Plaintiff's entitlement to an immediate injunction requiring

23  non-dissipation of trust assets when the produce supplier is not paid. Frio Ice. S.A. v.

24  Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or

25  threatened with dissipation, a district court should require the PACA debtor to escrow

26  its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole

27  Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond

28

1   <u>Produce Co., Inc.</u>, 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

2          The facts in this case show that Plaintiff is entitled to the requested relief.

3          For the foregoing reasons, Plaintiff respectfully submits that  its Ex-Parte Motion

4   for Temporary Restraining Order and Motion for Preliminary Injunction should be

5   granted.

6          Respectfully submitted on Wednesday, September 03, 2008.

7                                          **MEUERS LAW FIRM, PL**

8                                          *Lawrence H. Meuers*

9                                          Lawrence H. Meuers
                                           *California Bar No. 197663*

10                                         Katy Koestner Esquivel
                                           5395 Park Central Court

11                                         Naples, Florida 34109-5932
                                           Telephone: (239)513-9191

12                                         Facsimile:  (239)513-9677
                                           lmeuers@meuerslawfirm.com

13                                         kesquivel@meuerslawfirm.com

14                                         *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Memorandum In Support of Ex-Parte                                    Page 8 of 8
Motion For Temporary Restraining Order

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CHIQUITA FRESH, N.A., L.L.C.  :

   Plaintiff    :
           :
  v.        :  Civil Action No: 08-CV714 JLS (POR)
           :
SAMMY'S PRODUCE, INC., et al  **ORDER: GRANTING PLAINTIFF'S**
           **MOTION FOR A TEMPORARY**
         :  **RESTRAINING ORDER**
   Defendants   :

   This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 3.] For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

# BACKGROUND

   Chiquita Fresh, N.A., L.L.C. ("Plaintiff") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq. Sammy's Produce, Inc. ("Sammy's Produce"), purchases wholesale quantities of produce. According to Plaintiff, between February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of $73,545.90. Plaintiff contends it

---

[1] Plaintiff has also filed a motion for a preliminary injunction. [Doc. No. 4.]

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold. Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems. Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

**GOVERNING LAW**

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

**ANALYSIS**

I.    **Plaintiff Satisfies the Traditional Test for a TRO**

A.    **Plaintiff Has a Strong Likelihood of Success on the Merits**

Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid. Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.


B.    **Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted**

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

**C.    Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc., 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce. Id.; 7 U.S.C. §499e(c)(1).[3]

## CONCLUSION

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)    Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2)    In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury.  Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3]  In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3)    Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4)    This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5)    The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6)    Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date. Plaintiff's reply, if any, shall be filed no later than **May 5, 2008**.

IT IS SO ORDERED.

Dated: April 22, 2008

*Janis L. Sammartino*
Honorable Janis. L. Sammartino
United States District Court

1
2
3
4
5
6
7

FILED

MAY 1 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  | SAMMY'S PRODUCE, INC.,                        | CASE NO. 08-CV-860 H (POR)
12  |                               Plaintiff,      | **ORDER GRANTING
13  |        vs.                                    | PLAINTIFF'S MOTION FOR
14  | HIERRO'S MARKET & CARNICERIA,                 | TEMPORARY RESTRAINING
    | INC.; and EDUARDO HIERRO,                     | ORDER**
15  |                               Defendants.     |

16
17      On May 14, 2008, plaintiff Sammy's Produce, Inc. filed a complaint against

18  defendants Hierro's Market & Carniceria, Inc. ("Hierro's Market") and Eduardo Hierro.

19  (Doc. No. 1.) On May 15, 2008, Plaintiff filed an ex parte application for a temporary

20  restraining order ("TRO") enforcing a statutory trust pursuant to Section 5(c) of the Perishable

21  Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499e(c), by restraining the transfer of

22  assets of Hierro's Market and Carniceria, Inc. (Doc. No. 3.) Plaintiff also filed a motion for

23  a preliminary injunction. (Doc. No. 4.) On May 16, 2008, the Court issued an order setting

24  a hearing on Plaintiff's motion for a TRO for May 19, 2008. (Doc. No. 6.) The Court directed

25  Plaintiff to give notice to Defendants of the hearing and instructed Plaintiff to make reasonable

26  efforts to effect service upon Defendants prior to the hearing. (Id.)

27      On May 19, 2008, the Court held a hearing on Plaintiff's motion for a TRO. Bryan W.

28  Pease appeared for Plaintiff. Defendant Eduardo Hierro appeared with the assistance of an

- 1 -

08cv860

1  interpreter. For the reasons discussed below, the Court on May 19, 2008 at 11:30 a.m. granted

2  Plaintiff's motion for a TRO.  See Fed. R. Civ. P. 65(b)(2).

3  <u>**Background**</u>

4  Plaintiff is a wholesaler of produce. (Decl. of Yan Skwara ISO App. for TRO

5  ("Skwara Decl.") ¶ 3.) Plaintiff and defendant Hierro's Market are both produce "dealers"

6  as defined by PACA. 7 U.S.C. § 499a(b)(6). Plaintiff states that defendant Eduardo Hierro

7  is, and was during the time in question, responsible for the daily operations of Hierro's

8  Market and was in a position of control over the trust assets belonging to Plaintiff. (Skwara

9  Decl. ¶ 4.) Between June 8, 2007 and July 27, 2007, Plaintiff sold and delivered to

10  Defendants, in interstate commerce, various wholesale quantities of produce worth

11  $96,547.59. (<u>Id.</u> ¶ 6.) Defendants, who Plaintiff states have not disputed the debt,

12  provided to Plaintiff several checks that were dishonored by the bank due to insufficient

13  funds. (<u>Id.</u> ¶ 12.) Plaintiff alleges that PACA obligates Defendants to hold in trust all

14  assets received from the sale of produce in order to pay the $96,547.59 debt to Plaintiff.

15  (<u>Id.</u> ¶ 12.) Plaintiff has provided the Court with copies of the outstanding invoices for

16  produce sold and delivered to Defendants, as well as copies of the checks that were

17  dishonored for insufficient funds. (Skwara Decl., Exs. 1, 2.)

18  I.    **Plaintiff's Motion For a TRO**

19    A.    **Statutory Trust Under PACA**

20  Congress enacted PACA in 1930 to "suppress unfair and fraudulent practices in the

21  marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. at

22  45737. PACA "provides . . . aid to [agricultural] traders in enforcing their contracts." <u>Id.</u>

23  In 1984, Congress amended PACA to insure that suppliers of produce are paid by providing

24  for the imposition of a statutory trust on all produce-related assets – such as the produce

25  itself or products derived from the produce, as well as any proceeds from the sale of

26  produce – held by agricultural merchants, dealers and brokers. 7 U.S.C. § 499e(c)(2).

27  PACA requires that the trust be maintained for the benefit of the suppliers, sellers or agents

28  who provided the commodities until full payment has been made. <u>Id.</u> In providing for the

1  imposition of this statutory trust, Congress intended to provide "a self-help tool that will

2  enable [sellers of produce] to protect themselves against the abnormal risk of losses

3  resulting from slow-pay and no-pay practices by buyers or receivers of fruits and

4  vegetables." 49 Fed. Reg. at 45737.

5       Under PACA, failure to maintain the trust assets and to make full payment promptly

6  to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Produce dealers must "maintain

7  trust assets in a manner that such assets are freely available to satisfy outstanding

8  obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(e)(1).

9  PACA prohibits acts or omissions, including dissipation of trust assets or impairment of a

10  seller's right to obtain payment, that are inconsistent with this duty. Id.

11       **B.    TRO – Legal Standard**

12       Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may

13  issue a temporary restraining order without written or oral notice to the adverse party or its

14  attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that

15  immediate and irreparable injury, loss, or damage will result to the movant before the

16  adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing

17  any efforts made to give notice and the reasons why it should not be required." Fed. R.

18  Civ. P. 65(b)(1).

19       With the exception of the additional requirements imposed by Rule 65 for a TRO

20  issued without notice to the adverse party, the legal standard for issuing a TRO parallels

21  that for a preliminary injunction. See Fed. R. Civ. P. 65(b). A plaintiff is entitled to a

22  preliminary injunction when the plaintiff demonstrates a strong likelihood of success on the

23  merits, irreparable harm if injunctive relief is not granted, that the threatened injury to the

24  plaintiff outweighs whatever damage the proposed injunction might cause to the opposing

25  party, and that the issuance of the injunction will not be adverse to the public interest. See

26  Regents of Univ. of Cal. v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984). Alternatively, in

27  the Ninth Circuit a plaintiff may be entitled to a preliminary injunction by establishing "the

28  existence of serious questions going to the merits and that the balance of hardships tips

1  sharply in his favor." See Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). These

2  alternative formulations "represent two points on a sliding scale in which the required

3  degree of irreparable harm increases as the probability of success decreases." Id.; see Clear

4  Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

5      **C.**    **Plaintiff's Motion Demonstrates That a TRO Is Warranted**

6      Here, the Court concludes that Plaintiff's complaint, motion and supporting

7  materials clearly show that immediate and irreparable injury will result to Plaintiff before

8  Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1). The Court also concludes

9  that Plaintiff has demonstrated a strong likelihood of success on the merits, that Plaintiff

10  will suffer irreparable harm if injunctive relief is not granted, that the threatened injury to

11  Plaintiff outweighs whatever damage injunctive relief might cause to Defendants, and that

12  the issuance of an injunction will not be adverse to the public interest. See Regents of

13  Univ. of Cal. v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984).

14      First, the Court concludes that Plaintiff has met its burden to establish a strong

15  likelihood of success on the merits of Plaintiff's claim for relief under PACA. Plaintiff is a

16  supplier or seller of wholesale quantities of produce. Plaintiff sold to Defendants

17  wholesale quantities of produce in the aggregate amount of $96,547.59. (Skwara Decl. ¶ 5-

18  10, Ex. 1.) That amount remains past due and unpaid. (Id.; see id., Ex. 2.) At the May 19,

19  2008, hearing, Mr. Hierro stated that he disputed some of the invoices submitted by

20  Plaintiff. (E.g., Doc. No. 3-3 at 24 ($5,037), 26 ($4,432), 32 ($11,092).) Plaintiff properly

21  preserved its status as a trust creditor of Defendants under PACA by sending to Hierro's

22  Market and Carniceria, Inc., invoices containing the language required by 7 U.S.C.

23  § 499e(c)(4). (Skwara Decl. ¶ 10, Ex. 1.) Finally, Plaintiff provides evidence that

24  Defendants are dissipating trust assets. After considering Plaintiff's evidence as well as

25  Mr. Hierro's oral representations, the Court concludes that the evidence demonstrates that

26  Defendants have failed to pay Plaintiff for produce supplied by Plaintiff in accordance with

27  the trust provisions of PACA. (Skwara Decl. ¶ 12-14.) Defendants have advised Plaintiff

28  that Defendants are unable to pay for the produce. (Id.) At the hearing Defendant stated

1    that he desired to negotiate a payment plan.

2         Second, the Court concludes that Plaintiff's motion clearly establishes that Plaintiff

3    will suffer irreparable injury in the absence of injunctive relief enforcing the statutory trust

4    pursuant to PACA. Fed. R. Civ. P. 65(b)(1); see Carribean Marine Services Co. v.

5    Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (plaintiff must demonstrate immediate

6    threatened injury). In the absence of injunctive relief, there will be no assets in the

7    statutory trust, and Plaintiff will be unable to recover the trust assets once they are

8    dissipated. The Court concludes that this threatened injury to Plaintiff outweighs the

9    potential harm, if any, to Defendants of granting injunctive relief. Finally, the Court

10   concludes that granting interim injunctive relief is not adverse to the public interest. See

11   Regents of Univ. of Cal. v. ABC, Inc., 747 F.2d at 515. Congress enacted PACA to protect

12   the public interest and provide a remedy to wholesalers such as Plaintiff when they are not

13   paid for produce they sell. In sum, the Court concludes that Plaintiff's motion satisfies the

14   applicable standard for interim injunctive relief.

15                                    **Conclusion**

16        For the reasons discussed above, the Court grants Plaintiff's motion for a TRO

17   enforcing the statutory trust pursuant to section 5(c) of the PACA, 7 U.S.C. § 499e(c), by

18   restraining the transfer of assets of defendant Hierro's Market & Carniceria, Inc. Pursuant

19   to Rule 65(b), this TRO expires 10 days after the date and time it is issued "unless before

20   that time the court, for good cause, extends it . . . or the adverse party consents to a longer

21   extension." Fed. R. Civ. P. 65(b)(2). Pursuant to Rule 65(c), the Court orders a bond in the

22   amount of $750.00. The Court will hold a hearing on May 27, 2008 at 10:30 a.m. in

23   regarding whether to extend the TRO and Plaintiff's motion for a preliminary injunction.

24   Any papers related to that hearing should be filed by Friday, May 23, 2008 at 12:00 pm.

25   IT IS SO ORDERED.

26   DATED: _5-19-08_

27

28                              _____
                                MARILYN L. HUFF, District Judge
                                UNITED STATES DISTRICT COURT

08cv860

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SUCASA PRODUCE, and P.D.G. PRODUCE, INC., | CASE NO. 08CV914 JLS (JMA) |

11  SUCASA PRODUCE, and P.D.G.
    PRODUCE, INC.,

                            Plaintiffs,

12                                          CASE NO. 08CV914 JLS (JMA)

13          vs.                             **ORDER GRANTING EX PARTE
                                            APPLICATION FOR
                                            TEMPORARY RESTRAINING
                                            ORDER**

14

15  SAMMY'S PRODUCE, INC.; YAN             (Doc. No. 2)
    SKWARA; SAMUEL V. NUCCI; and
16  DARIN PINES,

17                          Defendants.

18

19          This matter is before the Court upon Plaintiffs' Motion for A Temporary Restraining Order

20  ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 2.] For the

    following reasons, the Court **GRANTS** Plaintiffs' application for a TRO.
21

22                                    **BACKGROUND**

23          Plaintiffs Sucasa Produce and P.D.G. Produce, Inc. are dealers in perishable agricultural

24  commodities, i.e., produce, and are licensed under the provisions of the Perishable Agricultural

    Commodities Act ("PACA"), 7 U.S.C. § 499a et seq.  Sammy's Produce, Inc. ("Sammy's
25
    Produce") purchases wholesale quantities of produce.  According to plaintiffs, between about
26
    February 29, 2008 and April 5, 2008, Sucasa Produce sold and delivered to Defendants, in
27

28
_____

    [1] Plaintiffs request a preliminary injunction, in the alternative.

                                            - 1 -                              08cv914

1  interstate commerce, wholesale amounts of produce in the amount of at least $167,152.20.

2  Furthermore, between about October 23, 2007 and February 23, 2008, P.D.G. Produce, Inc. sold

3  and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount

4  of at least $113,903.90.  In the aggregate, the amounts due and owing under these invoices total at

5  least $281,056.10.  Plaintiffs contend they have not been paid any monies by Defendants for the

6  $281,056.10 worth of commodities that they sold. Plaintiffs assert that Defendants have repeatedly

7  refused to pay the $281,056.10 owed. Plaintiffs argue that Defendants are failing to comply with

8  their statutory duties under PACA to hold the undisputed amount of $281,056.10 in trust for the

9  benefit of Plaintiffs and to pay said sum to Plaintiffs. Accordingly, Plaintiffs are requesting that

10  this Court issue an immediate injunction requiring non-dissipation of the trust assets.

11  In addition, plaintiffs are requesting the recovery of finance charges, attorney's fees, and

12  costs pursuant to contractual terms appearing on invoices.  Those amounts consist of finance

13  charges[2] of $5,265.45 owed to Sucasa, $10,384.30 owed P.D.G., $4,670 in attorney's fees, and

14  $350 of costs incurred as a filing fee.

15  Adding the charges, fees, and costs to the amount of commodities sold, plaintiffs request a

16  total amount of $301,726.15.

17  **LEGAL STANDARD**

18  Under FRCP 65(b), plaintiffs must make a showing that immediate and irreparable injury,

19  loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed

20  by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v.

21  Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

22  The Ninth Circuit has set forth two separate sets of criteria for determining whether to

23  grant preliminary injunctive relief:

24  Under the traditional test, a plaintiff must show: (1) a strong likelihood of success
   on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief
25  is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement
   of the public interest (in certain cases). The alternative test requires that a plaintiff
26  demonstrate either a combination of probable success on the merits and the
   possibility of irreparable injury or that serious questions are raised and the balance
27  of hardships tips sharply in his favor. These two formulations represent two points

28

---

[2] The finance charges are equal to 1.5% per month (18% annually).

08cv914

1    on a sliding scale in which the required degree of irreparable harm increases as the
2    probability of success decreases. They are not separate tests but rather outer reaches
     of a single continuum.

3    Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir.

4    2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826

5    (9th Cir. 2005).

6                                   **GOVERNING LAW**

7           PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of

8    fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and

9    aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

10          In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a

11   statutory trust on all produce-related assets, such as the produce itself or other products derived

12   therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural

13   merchants, dealers and brokers. 7 U.S.C. § 499e(c)(2); Tanimura & Antle, Inc. v. Packed Fresh

14   Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th

15   Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents

16   who provided the commodities until full payment has been made. Id. The trust provision thus

17   offers sellers of produce, "a self-help tool that will enable them to protect themselves against the

18   abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of

19   fruits and vegetables." 49 Fed. Reg. at 45737.

20          Failure to maintain the trust and make full payment promptly to the trust beneficiary is

21   unlawful. 7 U.S.C. § 499b(4). Produce dealers "are required to maintain trust assets in a manner

22   that such assets are freely available to satisfy outstanding obligations to sellers of perishable

23   agricultural commodities[,]" and any act or omission inconsistent with this responsibility,

24   including dissipation of trust assets, is proscribed. 7 CFR § 46.46(e)(1). Dissipation of trust assets,

25   defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7

26   CFR §46.46(b)(2)), is forbidden. 7 CFR § 46.46(e)(i).

27          A valid contractual claim for attorneys' fees and interest is within the scope of a PACA

28   trust claim because the fees and interest are "sums owing in connection with perishable

1  agricultural commodities transactions." <u>See</u> <u>Middle Mtn. Land & Produce Inc. v. Sound</u>

2  <u>Commodities, Inc.</u>, 307 F.3d 1220, 1222-24 (9th Cir. 2002) (interpreting 7 U.S.C. § 499e(c)(2)).

3                                **ANALYSIS**

4  **I.    Plaintiffs Satisfy the Traditional Test for a TRO**

5         **A.    Plaintiffs Have a Strong Likelihood of Success on the Merits**

6         Plaintiffs appears entitled to enforce the PACA trust provisions and regulations to secure

7  their trust claim for $301,726.15.  First, Plaintiffs are suppliers or sellers of wholesale quantities of

8  produce.  Second, Plaintiffs sold to Defendants, in interstate commerce, wholesale quantities of

9  produce in the aggregate amount of $281,056.10, which is allegedly past due and unpaid.

10 Defendants further incurred, pursuant to contract terms appearing on invoices, recoverable

11 attorney's fees and finance charges bringing the total amount of the claim to $301,726.15.  Third,

12 Plaintiffs seem to have properly preserved their status as  trust creditors of Defendants under

13 PACA by sending detailed invoices for the produce to the Defendant corporation.  Fourth,

14 Defendants have repeatedly refused to pay.

15        **B.    Plaintiffs Face the Possibility of Irreparable Injury if the TRO is not Granted**

16        In the absence of preliminary relief, there could be no assets in the statutory trust.  Loss of

17 such assets would be irreparable because Plaintiffs would not be able to recover the trust assets

18 once they are dissipated, and Plaintiffs would be forever excluded as a beneficiary of the statutory

19 trust. <u>See</u> H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. &

20 Admin. News, 405, 411; <u>Tanimura & Antle, Inc.</u>, 222 F.3d at 140; <u>J.R. Brooks & Son, Inc. v.</u>

21 <u>Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); <u>Cont'l Fruit Co. v. Thomas</u>

22 <u>J. Gatziolis & Co., Inc.</u>, 774 F. Supp. 449 (N.D. Ill. 1991); <u>Gullo Produce Co., Inc. v. A.C. Jordan</u>

23 <u>Produce Co., Inc.</u>, 751 F. Supp. 64 (W.D. Pa. 1990).

24        **C.    Issuing the TRO Will Not Cause Defendants Substantial Harm and Will Be in**
               **the Public Interest**

25

26        By enjoining defendants from dissipating trust assets, defendants would only be required to

   fulfill the duties imposed by statute. <u>Tanimura & Antle, Inc.</u>, 222 F.3d at 140. Further, PACA

27 specifically declares that the congressional intent behind its passage is to protect the public interest

28
   and to remedy the burden on dealers, such as Plaintiffs, by receivers who do not pay for produce.

1    Id.; 7 U.S.C. §499e(c)(1).[3]

2                                    **CONCLUSION**

3           Based on the foregoing reasons and consideration of Plaintiffs' motion, the Court finds that

4    Plaintiffs risk immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO

5    should be issued without notice to the Defendants.

6           The Court hereby **ORDERS**:

7           (1) Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions

8    and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce

9    or its subsidiaries or related companies except for payment to Plaintiffs until further order of this

10   Court or until Defendants pay Plaintiffs the sum of $301,726.15 by cashiers check or certified

11   check at which time the Order is dissolved.

12          (2) In the event Defendants fail to pay Plaintiffs the sum referenced in the previous

13   paragraph by cashiers or certified check within five (5) business days of service of this Order, then

14   the Defendants shall file with this Court, and provide a copy to Plaintiffs' counsel, an accounting

15   which identifies the assets and liabilities and each account receivable of Sammy's Produce signed

16   under penalty of perjury. Defendants shall also supply to Plaintiffs' attorney, within ten (10) days

17   of the date of the Order, any and all documents in connection with the assets and liabilities of

18   Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most

19   recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports,

20   accounts paid records and income tax returns.

21          (3) Bond shall be waived in view of the fact that Defendants now hold the aggregate

22   amount of $301,726.15 of Plaintiffs' assets plus contractually owed finance charges, attorney's

23   fees, and costs.

24          (4) This Temporary Restraining Order is entered this **23rd** day of **May**, at **3:05 p.m.**  A

25

26          [3] In addition, the Court recognizes various decisions that support granting a TRO under similar
     circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit
27   Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R.
     364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist.
28   LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S.
     Dist. LEXIS 93216 (D.N.D. 2006).

1  hearing on Plaintiffs' Motion for Preliminary Injunction is set for **June  9, 2008** at **10:00 a.m.** in

2  Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San

3  Diego, CA 92101.

4      (5) The Plaintiffs shall forthwith serve Defendants and their counsel with a copy of this

5  Order.

6      (6) Defendants' opposition to Plaintiffs' motion for a preliminary injunction, if any, shall

7  be filed no later than **May 30, 2008** with a courtesy copy to be delivered to chambers on that date.

8  Plaintiffs' reply, if any, shall be filed no later than **June 4, 2008**, with a courtesy copy to be filed

9  on that date.

10      IT IS SO ORDERED.

11

12  DATED:  May 23, 2008

13                                   *Janis L. Sammartino*
                                    Honorable Janis L. Sammartino

14                                   United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LODGED

2008 AUG 18  AM 10: 06
CLERK U.S. DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY

1
2
3

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 2 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECT PRODUCE, INC., a corporation, | Case No.: |
| | **CV08-05421 MMM (RZx)** |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | **AND ORDER TO SHOW CAUSE RE** |
| | **PRELIMINARY INJUNCTION AND** |
| VIEN DONG, INC., a corporation d/b/a | **PRELIMINARY INJUNCTION** |
| SUPERFOOD WAREHOUSE, d/b/a | |
| VIEN DONG III, d/b/a/ VIEN DONG III | |
| INTERNATIONAL SUPERMARKET, | |
| d/b/a VIEN DONG III SUPERFOOD | |
| WAREHOUSE; KIA TRAN, an | |
| individual; and LUCILLE TRAN, an | |
| individual, | |
| Defendants. | |

   Upon review of the Complaint of Plaintiff, DIRECT PRODUCE, INC. (hereinafter referred to as "DP" or "Plaintiff"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

*and no opposition having been filed by defendants,*

1

1    IT IS HEREBY ORDERED that Defendants VIEN DONG, INC., a corporation

2    d/b/a SUPERFOOD WAREHOUSE, d/b/a VIEN DONG III, d/b/a/ VIEN DONG III

3    INTERNATIONAL SUPERMARKET, d/b/a VIEN DONG III SUPERFOOD

4    WAREHOUSE ("VD"); KIA TRAN ("TK"), an individual; and LUCILLE TRAN

5    ("LT"), an individual (collectively referred to as "Defendants") appear in Courtroom

6    *780* of the U.S. District Court for the Central District of California, Los Angeles

7    Division, ~~312 North Spring Street~~ *255 East Temple Street*, Los Angeles, CA 90012-4701 on *August 28*,

8    200*8*, at *9:00* a.m., or as soon thereafter as the matter may be heard, then and there to

9    show cause, if any they have, why they, their agents, bankers, subsidiaries, successors,

10   assignees, principals, employees, attorneys, and representatives should not be restrained

11   and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the

12   Federal Rules of Civil Procedure, from engaging in, committing, or performing directly

13   and indirectly, any and all of the following acts:

14       A.    Removing, withdrawing, transferring, assigning or selling to any other

15   person or entity, the proceeds from the sales of any or all existing or future inventories of

16   food or other products derived from perishable (including frozen) agricultural

17   commodities, and/or receipts of payment for products sold prior to the date of this order

18   and/or otherwise disposing of assets, books or funds;

19       B.    Taking any other action whatsoever which causes, has the effect of causing,

20   or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the

21   Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

22       C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

23   through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

24       IT IS FURTHER ORDERED that Defendants, their owners, officers, directors,

25   agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

26   acting in concert with them, appear at the same time and place to show cause, if any they

27   have, why they should not be commanded by order of this Court and required to

28   distribute PACA trust assets in the amount of at least $58,394.87, the cumulative amount

2

1    of the PACA Trust principal owing to Plaintiff, plus finance charges accrued through

2    August 19, 2008, in the amount of $915.30 plus reasonable attorney's fees in the amount

3    of $2,190.00,  plus filing fees of $350.00, making in all the sum of $61,850.17as of the

4    date hereof.

5         IT IS FURTHER ORDERED that pending the hearing and determination of the

6    foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

7    successors, assignees, principals, attorneys, and persons acting in concert with them shall

8    be and hereby are prevented from transferring, withdrawing or in any other manner

9    removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,

10   including funds on deposit in banking accounts held by or on behalf of Defendants, from

11   Defendants' banking accounts, including but not limited to Defendants' accounts number

12   2260-5509 at Chinatrust Bank (U.S.A.), located at 18645 E. Gale Avenue, #150, City of

13   Industry, California, 91748, account number 81303083 and 81315780 at East West Bank,

14   located at 91032 Bolsa Avenue, Westminster, CA 92683, and any other accounts

15   subsequently discovered to be standing in any Defendants' names.

16        IT IS FURTHER ORDERED that pending the hearing and determination of the

17   foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

18   agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

19   or performing directly and indirectly, any and all of the following acts:

20        D.    Removing, withdrawing, transferring, assigning or selling to any other

21   person or entity, the proceeds from the sales of any or all existing or future inventories of

22   food or other products derived from perishable agricultural commodities, and/or receipts

23   of payment for products or crops sold prior to the date of this order and/or otherwise

24   disposing of assets, books or funds;

25        E.    Taking any other action whatsoever which causes, has the effect of causing,

26   or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

27

28

3

1    F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

2    through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural

3    Commodities Act ("PACA")].

4    IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

5    promptly deposit the sums described above, Defendants shall be and hereby are required

6    and ordered to:

7    G.    Immediately account to the Court and Plaintiff for all assets of the PACA

8    trust from commencement of Defendants' business through the date of this Order.

9    H.    Immediately assign Defendants' inventory of perishable agricultural

10    commodities and produce related receivables to Plaintiff for sale and collection until

11    Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and

12    information of all of said receivables to Plaintiff's counsel without charge to the trust,

13    and subject to Plaintiff's counsel making a weekly accounting for all receivables received

14    or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in

15    connection with its duties of collection of the accounts receivable and shall deposit any

16    cash assets of the trust which are collected under this order in a trust account.

17    I.    Endorse any checks made, endorsed or paid, to Defendants which are trust

18    assets and which are in their possession or obtainable by Defendants at the time of the

19    entry of this Order, or which Defendants obtain or which become obtainable by

20    Defendants after the entry of this Order, including but not limited to checks representing

21    payment for sales of inventory, and shall deliver said assets within 48 hours of

22    Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise,

23    Defendants shall deliver any cash assets of the PACA trust which are in its possession or

24    are obtainable by Defendants at the time of the entry of this order, or which Defendants

25    obtain or which become obtainable by Defendants after entry of this Order, within 48

26    hours of Defendants' receipt of them to Plaintiff's counsel.

27    J.    File weekly with this Court satisfactory evidence of compliance with the

28    terms of this Order.

1    IT IS FURTHER ORDERED that pending the hearing and determination of the

2    foregoing Order to Show Cause, and continuing thereafter, Plaintiff and their counsel,

3    agents, or representatives, shall have full and complete and continuing access to all of

4    Defendants' books and records, which shall include but not necessarily be limited to,

5    Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs,

6    bank statements and canceled checks, relating to Defendants' business and personal

7    financial status from commencement of Defendants' business activities forward for the

8    purpose of verifying Defendants' accountings required by this Order and for enforcement

9    of this Order.   Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow

10    inspection and copying of the books and records of said Defendants by Plaintiff or its

11    representatives at Defendants' place of business.

12    IT IS FURTHER ORDERED that pending the hearing and determination of the

13    foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to

14    depose, under oath, at reasonable times and places, upon at least 48 hours notice,

15    Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

16    employees, agents and accountants concerning any matter pertaining to any accounting

17    due pursuant to this Order, any books or records which Plaintiff are entitled to inspect

18    under this Order, the trust assets or any of Defendants' business assets, and/or

19    Defendants' business practices, procedures or operations from commencement of

20    Defendants' business activities.

21    IT IS FURTHER ORDERED that Plaintiff may immediately take whatever steps

22    are reasonably necessary to mitigate Plaintiff's damages by selling current inventory of

23    fresh herbs previously sold to Defendants but for which Defendants have not paid

24    Plaintiff, all such sales proceeds to be applied to Defendants' account.

25    IT IS FURTHER ORDERED that ~~no bond shall be required to be posted by~~

26    ~~Plaintiff before the Temporary Restraining Order is effective.~~

27    plaintiff must post a nominal bond of $1,000.00

28    before the temporary restraining order takes effect.

5

1      IT IS FURTHER ORDERED that Plaintiff shall *personally serve* serve Defendants with copies of

2   this Order and all pleadings and other papers in support of the Order on or before

3   _August 21._____, 2008, *at 5:00pm* ~~by Federal Express with verification of receipt~~. Defendants shall file

4   an Opposition, if any, to the Order to Show Cause on or before _12_ p.m. on

5   _August 25_ , 2008, and shall personally serve Plaintiff's counsel with a copy of said

6   Opposition by said deadline.    Plaintiff shall file and serve a Reply to Defendants'

7   Opposition, if any, on or before _12 p_.m. on _August 27_, 2008

8

9

10  DATED: _August 20_, 2008                _Margaret M. Morrow_____

11                                            U.S. DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | | |
|---|---|---|---|
| RIVERWOOD PRODUCE SALES, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | CASE NO. | 3:08cv36LAC/MD |
| | ) | | |
| v. | ) | | |
| | ) | | |
| EMERALD COAST FINEST PRODUCE | ) | | |
| OF MOBILE, LLC, EMERALD COAST | ) | | |
| FINEST PRODUCE CO., INC., PRESTON W. | ) | | |
| THOMPSON, CONNIE D. THOMPSON, | ) | | |
| and SHARON L. THOMPSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

ORDER GRANTING TEMPORARY RESTRAINING
ORDER AND SETTING PRELIMINARY INJUNCTION HEARING

This cause came before the Court on Plaintiff Riverwood Produce Sales, Inc.'s (also, "Riverwood" or "Plaintiff") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. The Court, having considered the pleadings and record in this case, and for good cause shown, following a hearing, has determined that Plaintiff should be granted a Temporary Restraining Order as stated in this Order.

The Court finds that it has jurisdiction over the subject matter and the parties to this action. Further, the Court has balanced the four factors appropriate for consideration of a temporary restraining order. The Court finds that Plaintiff has shown a substantial likelihood of success on the merits and has shown irreparable injury. Plaintiff has also shown that the balance of harm weighs in Plaintiff's favor because the relief requested applies to assets held in trust for Plaintiff's benefit. The issuance of the Temporary Restraining Order will serve the public interest as set forth in the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

Therefore, **IT IS HEREBY ORDERED** as follows:

1.      Defendants, Emerald Coast Finest Produce of Mobile, LLC ("Emerald-Mobile"),

Emerald Coast Finest Produce Co., Inc. ("Emerald-Pensacola") (Emerald-Pensacola and Emerald-

Mobile also, collectively, "Emerald"), Preston W. Thompson ("P. Thompson"), Connie D.

Thompson ("C. Thompson") and Sharon L. Thompson ("S. Thompson") (Emerald, P. Thompson,

C. Thompson, and S. Thompson also, collectively, "Defendants"), and their agents, servants,

employees and attorneys, and all persons in active concert and participation with them, including

their banking institutions, shall be and they are each:

        a.      temporarily restrained from violating the provisions of the Perishable

Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq. and regulations promulgated

thereunder; and

        b.      temporarily restrained from in any way, directly or indirectly, absolutely or

as security, in whole or in part, transferring, assigning, using in the ordinary course of business, or

otherwise disposing of, Defendants' assets derived directly or indirectly from Emerald-Mobile's

produce sales, and the following items generated in the course of Emerald-Mobile's business: any

and all perishable agricultural commodities and products derived therefrom, any inventories of food

or other products derived from perishable agricultural commodities, any receivables or proceeds

derived from the sale of perishable agricultural commodities and products derived therefrom, any

funds into which any or all of the aforesaid assets have been commingled, including, but not limited

to, the contents of Emerald-Mobile's accounts at Regions Bank, including, without limitation,

account number 1410582914, and all other assets of Emerald-Mobile to the extent of $127,064.70

plus interest at the applicable statutory rate of six percent (6%); and

2

c.      ordered to provide an accounting to Plaintiff and the Court within ten (10) days, of the following items generated in the course of Emerald-Mobile's business:  any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, in Defendants' or their agents' possession, custody or control, or in the possession, custody and/or control of entities controlled by Defendants, and otherwise to account for all assets of the PACA trust; and

d.      ordered to provide an accounting to Plaintiff and the Court within ten (10) days of any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from sale of such commodities and foods or other products, generated in the course of Emerald-Mobile's business and which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since the earlier of the inception of Emerald-Mobile's business or when no produce sellers to Emerald-Mobile were owed money on credit, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

e.      ordered to provide an accounting to Plaintiff and the Court, within ten (10) days of the date of this Order of all assets in Defendants' ownership, custody, possession and/or control, or in the possession, custody and/or control of entities controlled by Defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of Emerald-Mobile's produce sales and, if not, the source of such assets; and

3

f.    ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Emerald-Mobile's operations and received or transferred by them on or after August 23, 2007, which are lawfully obtainable by them; and

g.    ordered to segregate and escrow all proceeds from produce sales and all PACA trust cash assets in a trust account to be designated "Emerald-Mobile PACA Trust Account" under Emerald-Mobile's taxpayer identification number with Plaintiff's counsel, Jeffrey M. Chebot, as escrow agent, depositing therein all assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court and immediately disclosing Emerald-Mobile's taxpayer identification number to the escrow agent for that purpose; and

h.    ordered to deliver to Plaintiff's counsel within ten (10) days, complete accounts of all receivables subject to those receivables being collected by Plaintiff's counsel, who shall have the right, but not the duty, to collect these receivables, or Defendants, who shall have the continuing duty under PACA to collect these receivables, and which receivables shall be deposited in the Emerald-Mobile PACA Trust Account.

The grounds for this Order are as follows:

1.    Unless restrained by this Court, this property, which is held in trust for the benefit of Plaintiff as more particularly set forth in the Complaint and Declaration of Kevin Case in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Case Declaration") filed in this case, is likely to be dissipated.

2.    Such dissipation will result in irreparable injury, loss and damage to Plaintiff.

4

3.     The issuance of a temporary restraining order will prevent irreparable injury to Plaintiff in that dissipation of the property subject to the trust for the benefit of Plaintiff will deprive Plaintiff of the statutory trust created for its benefit and in its favor as set forth in the Complaint and Case Declaration.

4.     The Court has further considered the pleadings and the record in this case in connection with its consideration of the need for and/or amount of bond in this matter.

The Court has, in particular, taken into consideration the provisions of PACA, 7 U.S.C. §499e(c), which, as stated therein, is intended to remedy a burden on commerce in perishable agricultural commodities "and to protect the public interest." Furthermore, property subject to the temporary restraining order is held in trust for the benefit of Emerald-Mobile's unpaid produce sellers, so that the Court does not upon the record find that Defendants might incur injury even if they were wrongfully enjoined. Finally, as security, Emerald-Mobile has taken possession of $127,064.70 of perishable agricultural commodities from Riverwood without payment and their proceeds and receivables, constituting a floating statutory trust res for Riverwood's benefit. Accordingly, the Court finds that this Order shall take effect upon its entry without the necessity of posting a bond.

5.     This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

6.     Defendants shall file and serve their response to Plaintiff's request for a Preliminary Injunction, by 4 February 2008. A hearing on Plaintiff's Motion for Preliminary Injunction shall be set at 9:30 a.m. on the 6th day of February, 2008.

7.    Plaintiff shall immediately serve Defendants, their agent(s), or their counsel with a copy of this Order and all relevant pleadings, and within twenty-four hours shall certify to the Court that they have done so.

Entered this 28th day of January, 2008, at 2:30 p.m.. **IT IS SO ORDERED.**


_____s/ L. A. Collier_____
Lacey A. Collier
Senior United States District Judge

1  BART M. BOTTA, State Bar No. 167051        **E-Filed 4/11/2007**

R. JASON READ, State Bar No. 117561

2

RYNN & JANOWSKY, LLP

3  4100 Newport Place Drive, Suite 700

Newport Beach, CA 92660-2423

4  Telephone: (949) 752-2911

5

Attorneys for Plaintiffs

6  PACIFIC INTERNATIONAL VEGETABLE MARKETING, INC.

dba PACIFIC INTERNATIONAL MARKETING

7

8

9             IN THE UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  PACIFIC INTERNATIONAL         CASE NO.  07-01997 JF (HRL)

VEGETABLE MARKETING, INC., a

13  corporation, dba PACIFIC

INTERNATIONAL MARKETING,      [PROPOSED] TEMPORARY

14                          RESTRAINING ORDER AND

ORDER TO SHOW CAUSE RE

15                          PRELIMINARY

16               Plaintiff,    INJUNCTION AND PROPOSED

PRELIMINARY INJUNCTION

17

18      v.

19

20  TIMOTHY DONLON, individually and dba

FRESH WEST EXCHANGE,

21

22               Defendant.

23

24       Upon review of the Complaint of Plaintiff PACIFIC INTERNATIONAL

25  VEGETABLE MARKETING, INC. dba PACIFIC INTERNATIONAL MARKETING

26  ("Plaintiff" or "Pacific"), on file in the above-captioned action, and the declarations,

27  exhibits and Memorandum of Points and Authorities in support of Plaintiff's Motion for a

28  Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and all

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2611
FAX (949) 752-0953

C 07-1997 JF (HRL)

07-146/Proposed-TRO

~~EXHIBIT 3~~

1    documents provided by Defendant TIMOTHY DONLON, individually and dba FRESH

2    WEST EXCHANGE, in opposition thereto, if any, and it appearing to the satisfaction of

3    the Court that this is a proper case for granting a Temporary Restraining Order and Order

4    to Show Cause,

5        IT IS HEREBY ORDERED that Defendant appear in Courtroom __3__ of the U.S.

6    District Court for the Northern District of California, San Jose Division, 2112 Robert F.

7    Peckham Federal Building, 280 South First Street, San Jose, California 95113, on

8    April 20 _____, 2007, at __9.00 a..m., or as soon thereafter as the matter may be heard,

9    then and there to show cause, if any they have, why they, their agents, bankers,

10    subsidiaries, successors, assignees, principals, employees, attorneys, and representatives

11    should not be restrained and preliminarily enjoined during the pendency of this action,

12    pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in,

13    committing, or performing directly and indirectly, any and all of the following acts:

14        A.    Removing, withdrawing, transferring, assigning or selling to any other

15    person or entity, the proceeds from the sales of any or all existing or future inventories of

16    food or other products derived from perishable agricultural commodities, and/or receipts

17    of payment for products sold prior to the date of this order and/or otherwise disposing of

18    assets, books or funds;

19        B.    Taking any other action whatsoever which causes, has the effect of causing,

20    or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the

21    Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

22        C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

23    through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

24        IT IS FURTHER ORDERED that Defendant, their officers, directors, bankers,

25    agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

26    acting in concert with them, appear at the same time and place to show cause, if any they

27    have, why they should not be commanded by order of this Court and required to

28    distribute PACA Trust assets in the amount of at least $36,139.52, which includes the

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

C 07-1997 JF (HRL)

(7-146/Proposed TRO

1   principal of $30,952.05, plus $1,934.97 in finance charges through April 10, 2007, plus

2   $3,902.50 as reasonable attorneys' fee as well as costs of $350.00, the cumulative amount

3   of the PACA Trust claims of Plaintiff.

4       IT IS FURTHER ORDERED that pending the hearing and determination of the

5   foregoing Order to Show Cause, Defendant, their agents, bankers, subsidiaries,

6   successors, assignees, principals, attorneys, and persons acting in concert with them shall

7   be and hereby are prevented from transferring, withdrawing or in any other manner

8   removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,

9   including funds on deposit in banking accounts held by or on behalf of Defendant, from

10  Defendant's banking accounts, including but not limited to Defendant's accounts at

11  Rabobank, N.A., account number 069062168 at Rabobank, N.A., or any other banking

12  account subsequently determined to be standing in Defendant's names, or any one of

13  them.

14      IT IS FURTHER ORDERED that pending the hearing and determination of the

15  foregoing Order to Show Cause, ~~and continuing thereafter,~~ Defendant and their counsel,

16  agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

17  or performing directly and indirectly, any and all of the following acts:

18      D.    Removing, withdrawing, transferring, assigning or selling to any other

19  person or entity, the proceeds from the sales of any or all existing or future inventories of

20  food or other products derived from perishable agricultural commodities, and/or receipts

21  of payment for products or crops sold prior to the date of this order and/or otherwise

22  disposing of assets, books or funds;

23      E.    Taking any other action whatsoever which causes, has the effect of causing,

24  or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

25      F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

26  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural

27  Commodities Act ("PACA")].

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

C 07-1997 JF (HRL)

07-146/Proposed TRO

3

1    IT IS FURTHER ORDERED that in the event Defendant lacks sufficient funds to

2    promptly deposit the sums described above, Defendant shall be and hereby are required

3    and ordered to:

4        G.    Immediately account to the Court and Plaintiff for all assets of the PACA

5    trust from commencement of Defendant's business through the date of this Order.

6        H.    Immediately assign Defendant's produce related receivables to Plaintiff for

7    collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts,

8    records, and information of all of said receivables to Plaintiff's counsel without charge to

9    the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables

10   received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as

11   trustee in connection with its duties of collection of the accounts receivable and shall

12   deposit any cash assets of the trust which are collected under this order in a trust account.

13       I.    Endorse any checks made, endorsed or paid, to Defendant which are trust

14   assets and which are in their possession or obtainable by Defendant at the time of the

15   entry of this Order, or which Defendant obtains or which become obtainable by

16   Defendant after the entry of this Order, including but not limited to checks representing

17   payment for sales of growing crops, and shall deliver said assets within 48 hours of

18   Defendant's receipt of them to Plaintiff's counsel as set forth above.    Likewise,

19   Defendant shall deliver any cash assets of the PACA trust which are in its possession or

20   are obtainable by Defendant at the time of the entry of this Order, or which Defendant

21   obtains or which become obtainable by Defendant after entry of this Order, within 48

22   hours of Defendant's receipt of them to Plaintiff's counsel.

23       J.    File weekly with this Court satisfactory evidence of compliance with the

24   terms of this Order.

25       IT IS FURTHER ORDERED that pending the hearing and determination of the

26   foregoing Order to Show Cause, and continuing thereafter, Plaintiff and their counsel,

27   agents, or representatives, shall have full and complete and continuing access to all of

28   Defendant's books and records, which shall include but not necessarily be limited to,

C 07-1997 JF (HRL)

07-146/Proposed TRO                4

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1 | Defendant's accounts receivable and payable ledgers, invoices, ledgers, computer runs,

2 | bank statements and canceled checks, relating to Defendant's business and personal

3 | financial status from commencement of Defendant's business activities forward for the

4 | purpose of verifying Defendant's accountings required by this Order and for enforcement

5 | of this Order. Defendant shall, upon two (2) business days notice by Plaintiff's counsel,

6 | allow inspection and copying of the books and records of said Defendant by Plaintiff or

7 | their representatives at Defendant's place of business.

8 | ~~IT IS FURTHER ORDERED~~ that pending the hearing and determination of the

9 | foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to

10 | depose, under oath, at reasonable times and places, upon at least two (2) business days

11 | notice, Defendant and/or Defendant's other principals, owners, directors, officers,

12 | shareholders, employees, agents and accountants concerning any matter pertaining to any

13 | accounting due pursuant to this Order, any books or records which Plaintiff is entitled to

14 | inspect under this Order, the trust assets or any of Defendant's business assets, and/or

15 | Defendant's business practices, procedures or operations from commencement of

16 | Defendant's business activities.

17 | IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all

18 | pleadings and other papers in support of the Order on or before  April 12          , 2007.

19 | Defendant shall file an Opposition, if any, to the Order to Show Cause on or before

20 | ~~_____ p.m. on~~  April 18        , 2007 and shall personally serve Plaintiff's counsel

21 | with a copy of said opposition by the same deadline. ~~Plaintiff shall file and serve on~~

22 | ~~Defendant a Reply to Defendant's Opposition on or before _____ m. on~~

23 | ~~_____, 2007.~~

24 | IT IS FURTHER ORDERED that no bond shall be required to be posted by

25 | Plaintiff before the Temporary Restraining Order is effective.

26 |

27 | DATED:___April 11, 2007_____    _____

28 |                                          Jeremy Fogel, U.S. DISTRICT COURT JUDGE

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

C 07-1997 JF (HRL)

07-146/Proposed TRO

5

Lawrence H. Meuers, Esq. (SBN 197663)
Steven E. Nurenberg, Esq. (Fla. Bar No. 0098431)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| TOM DRULIAS D/B/A T.D. PRODUCE SALES, | CASE NO.: |
|---|---|
| Plaintiff, | C07 01223 (JF) |
| vs. | [PROPOSED] TEMPORARY RESTRAINING ORDER |
| GOLDEN RULE PRODUCE, INC., a California corporation; DIMITRIOS (JIMMY) TSIGARIS, individually; and GEORGIA TSIGARIS, individually, | |
| Defendants. | |

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of Tom Drulias, Proprietor of T.D. Produce Sales ("T.D. Produce"), that Plaintiff, T.D. Produce, is a produce dealer and trust creditor of Defendant, Golden Rule Produce, Inc. ("Golden Rule Produce") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C.

1  §499e(c), and has not been paid for produce in the total amount of $49,685.60 supplied

2  to said Defendant as required by the PACA.  It is also clear from the same Declaration

3  and the Certification of Counsel that said Defendant is in severe financial jeopardy and

4  the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A.

5  v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may

6  not be in a position to pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917

7  F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.  On the

8  basis of the pleadings, Declaration and other submissions Plaintiff has filed in this

9  matter, it appears Plaintiff will suffer immediate and irreparable injury due to said

10  Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created

11  pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of

12  injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining

13  Order should be issued.

14      If notice is given to Defendant of the pendency of this motion, trust assets will

15  be further threatened with dissipation before the motion is heard.  As noted in the

16  legislative history of PACA, once dissipation has occurred, recovery of trust assets is

17  all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984

18  U.S. Code & Admin. News 405, 411.  J.R. Brooks & Son, Inc. v. Norman's Country

19  Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989).  Entry of this Order without notice

20  assures retention of the trust assets under the control of this Court which is specifically

21  vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(5).  In accord with Rule

22  65(b)(2), the applicant attorney has certified why notice should not be required.

23      Based on the foregoing, the Court finds that Plaintiff and other PACA trust

24  creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust

25  assets unless this order is granted without notice.

26      Therefore, it is by the United States District Court for the Northern District of

27  California

28

Temporary Restraining Order                                      Page 2 of 4

1  ORDERED:

2      1.      Defendant, Golden Rule Produce, Inc. ("Golden Rule"), its agents,

3  officers, subsidiaries, assigns, banking and financial institutions, and all persons in

4  active concert or participation with said Defendant, including Dimitrios (Jimmy)

5  Tsigaris and Georgia Tsigaris, are enjoined and restrained from dissipating, paying,

6  transferring, assigning or selling any and all assets covered by or subject to the trust

7  provisions of the PACA without agreement of Plaintiff, or until further order of this

8  Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the

9  assets of Golden Rule Produce unless Golden Rule Produce can prove to this Court

10  that a particular asset is not derived from perishable agricultural commodities,

11  inventories of food or other products derived from perishable agricultural

12  commodities or receivables or proceeds from the sale of such commodities or products.

13  Provided however, Golden Rule Produce may sell perishable agricultural commodities

14  or products derived from perishable agricultural commodities for fair compensation,

15  without right of set-off, on the condition that Golden Rule Produce maintains the

16  proceeds of such sale subject to this Order.

17      2.      This Order shall be binding upon the parties to this action and all other

18  persons or entities who receive actual notice of this Order by personal service or

19  otherwise.

20      3.      The $45,935.50 in PACA trust assets belonging to Plaintiff and in the

21  possession of the Defendant will serve as Plaintiff's security for this injunction as

22  required by Rule 65(c) of the Federal Rules of Civil Procedure.

23      4.      This Temporary Restraining Order is entered this _____ day of March,

24  2007, at _____ ☐ a.m. ☐ p.m.

25      5.      A hearing on Plaintiff's Motion for Preliminary Injunction is set for the

26  _____ day of _____, 2007, at _____ ☐ a.m. ☐ p.m.

27      6.      Plaintiff shall serve a copy of this Order, together with the annexed

28  Declaration, and Memorandum of Law, by personal service, including by facsimile

Temporary Restraining Order                                    Page 3 of 4

1 | transmission or federal express, on or before the _____ day of March, 2007. Such

2 | service shall be deemed good and sufficient.

3 |       DONE and ORDERED, this _____ day of March, 2007 at San Jose,

4 | California.

5

6 |         **United States District Judge**
        **Northern District of California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Temporary Restraining Order

1    This Order has been served upon the following persons:

2    Lawrence Henry Meuers      lmeuers@meuerslawfirm.com, kkoestner@meuerslawfirm.com;
                                        sdefalco@meuerslawfirm.com; nbucciarelli@meuerslawfirm.com

3    Notice will be delivered by other means to:

4

5    Steven E Nurenberg
Meuers Law Firm PL

6    5395 Park Central Court
Naples, FL 34109

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INN FOODS INC,

        Plaintiff,

    v.

TURNER MEAD LLC, and PAUL STEVEN MEAD, III,

        Defendants.

                       /

No. C 07-00649 SI

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order. Plaintiff has also filed a motion for issuance of preliminary injunction and to consolidate the trial on the merits with the hearing on preliminary injunction. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavits of Hilda Anaya, Accounts Receivable Clerk and Veronica Solis, Accounts Receivable Collection Assistant of Inn Foods, that Plaintiff Inn Foods, Inc. is a produce dealer and trust creditor of Defendant Turner Mead, LLC under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c), and has not been paid for produce in the total amount of $68,103.49 supplied to said Defendant as required by the PACA. It is also clear from the same Affidavits and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation, *see Frio*

United States District Court

For the Northern District of California

1    *Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990), and that said Defendant is not or may not be

2    in a position to pay creditor's claim, *see JSG Trading Crop. v. tray-Wrap, Inc.*, 917 F.2d 75 (2d Cir.

3    1990), thereby warranting the relief requested by Plaintiff. On the basis of the pleadings, Affidavits and

4    other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and

5    irreparable injury due to said Defendant's dissipation of Plaintiff's interest in the statutory trust created

6    pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.

7    Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

8        If notice is given to Defendant of the pendency of this motion, trust assets will be further

9    threatened with dissipation before the motion is heard. As noted in the legislative history of PACA,

10   once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th

11   Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *See J.R. Brooks &*

12   *Son, Inc., v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of this Order

13   without notice assures retention of the trust assets under the control of this Court which is specifically

14   vested with jurisdiction over the trust. *See* 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(2), the

15   applicant attorney has certified why notice should not be required.

16       Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will

17   suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted

18   without notice. Therefore, it is hereby ORDERED:

19       1.    Defendant Turner Mead, LLC, its agents, officers, subsidiaries, assigns, banking and

20             financial institutions, and all persons in active concert or participation with said

21             Defendant, including Defendant Paul Steven Mead, III, are enjoined and restrained from

22             dissipating, paying, transferring, or assigning any and all assets covered by or subject to

23             the trust provisions of the PACA without agreement of Plaintiff, or until further order of

24             this Court. Said assets include the proceeds from the sales of any or all existing or future

25             inventories of food or other products derived from perishable agricultural commodities

26             as defined in PACA, 7 U.S.C. § 499a(b), or receipts of payments for such agricultural

27             commodities sold prior to the date of this order, provided, however, Defendants may sell

28             perishable agricultural commodities or products derived from perishable agricultural

2

**United States District Court**

For the Northern District of California

1    commodities for fair compensation, without right of set-off, on the condition that Turner

2    Mead maintains the proceeds of such sale subject to this Order.

3    2.    This Order shall be binding upon the parties to this action and all other persons or entities

4    who receive actual notice of this Order by personal service or otherwise.

5    3.    The $68,103.49 in PACA trust assets belonging to Plaintiff and in the possession of the

6    Defendants will serve as Plaintiff's security for this injunction as required by Rule 65(c)

7    of the Federal Rules of Civil Procedure.

8    4.    This Temporary Restraining Order is entered on this 9th day of February, 2007, at 7:10

9    p.m., and is effective until the date of hearing on preliminary injunction specified below.

10    5.    Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with

11    a copy of this Order, Plaintiff's Complaint, and all papers submitted by Plaintiff in

12    association with its Temporary Restraining Order application and motion for preliminary

13    injunction.

14    Defendants are further ORDERED to show cause why they should not be preliminarily enjoined

15    from distributing PACA trust funds as set out in this Temporary Restraining Order. Defendants shall

16    file a written response, if any, to this Order to Show Cause and Plaintiff's motion for preliminary

17    injunction, on or before February 21, 2007.

18    Plaintiff's motion for preliminary injunction will be heard by the Court on February 23, 2007,

19    at 9:00 a.m. Plaintiff's motion to consolidate the trial on the merits with hearing on preliminary

20    injunction is DENIED without prejudice. Because Defendants have not been served with the complaint

21    or any other papers filed by Plaintiff, Defendants could be unfairly prejudiced if trial on the merits were

22    held on such short notice.

23

24    **IT IS SO ORDERED.**

25

26    Dated: February 9, 2007

27    _____
     SUSAN ILLSTON
     United States District Judge

28

3

E-FILED on ___1/11/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC, a limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> PREMIUM FRESH FARMS, LLC; a California limited liability company; SALVADORE PAUL TARANTINO; an individual; EMMITT L. PFOST; an individual; PAUL E. DUNHAM; an individual; PDP ASSOCIATES, LLC; a California limited liability company; and AG HARVESTING & TECHNOLOGIES, LLC, a California limited liability company, <br><br> Defendants. | No. C-07-00197 RMW <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING PLAINTIFF'S MOTION TO CONSOLIDATE MOTION FOR PRELIMINARY INJUNCTION WITH TRIAL |

TO DEFENDANTS PREMIUM FRESH FARMS, LLC; SALVADORE PAUL TARANTINO; EMMITT L. PFOST; PAUL E. DUNHAM; PDP ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC, AND THEIR ATTORNEYS OF RECORD:

**TEMPORARY RESTRAINING ORDER**

This matter is before the court upon *Ex Parte* Motion for Temporary Restraining Order by

Natural Selection Foods, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 65(b).

Under Rule 65(b), a temporary restraining order may be granted without notice to the adverse party

only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that

1    immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in

2    opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

3        It appears to the court (1) that defendants Premium Fresh Farms, LLC; Salvadore Paul

4    Tarantino; Emmitt L. Pfost; Paul E. Dunham; PDP Associates, LLC; and AG Harvesting &

5    Technologies, LLC ("Defendants") have engaged in transactions requiring the establishment of a

6    statutory trust to the benefit of Plaintiff pursuant to the Perishable Agricultural Commodities Act

7    ("PACA"), 7 U.S.C. § 499e; (2) that Defendants are presently engaged in dissipating the assets it is

8    required to keep in trust under PACA; (3) that they will continue to do so unless restrained by order

9    of this court; (4) that notice of this TRO would cause further dissipation in advance of a court order;

10   and (5) that immediate and irreparable injury, loss, and damage will result to Plaintiff if Defendants

11   are not restrained from distributing claimed proceeds of the PACA trust pending a hearing and

12   determination of Plaintiff's motion for preliminary injunction. Accordingly,

13       IT IS HEREBY ORDERED:

14   1.   That Defendants, their counsel, agents, officers, assigns, or representatives be and hereby are

15       restrained and enjoined pending the hearing and determination of Plaintiff's motion for

16       preliminary injunction from:

17           a.   Removing, withdrawing, transferring, assigning, or selling to any other person

18               or entity, the proceeds from the sales of any or all existing or future

19               inventories of food or other products derived from perishable agricultural

20               commodities as defined in PACA, 7 U.S.C. § 499a(b), or receipts of payment

21               for such agricultural commodities sold prior to the date of this order,

22               provided, however that Defendants may sell perishable agricultural

23               commodities or products derived from perishable agricultural commodities for

24               fair compensation without right of set-off, on the condition that Fresh Farms

25               maintains the proceeds of such sale subject to this order.

26           b.   Taking any other action which causes dissipation of Plaintiff's beneficiary

27               interest in PACA trust assets; or

28           c.   Taking any action that violates the provisions of 7 U.S.C. § 499b(4).

1   2.      This Order shall be binding upon the parties to this action and all other persons or entities

2         who receive actual notice of this Order by personal service or otherwise.

3   3.      The $176,186.75 in PACA trust assets belonging to Plaintiff and in the possession of

4         ·Defendants will serve as Plaintiff's security for this injunction as required by Federal Rule of

5         Civil Procedure 65(c).

6   4.      Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a

7         copy of this Order.

8                                **ORDER**

9         Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary

10  injunction is denied without prejudice.  Although Plaintiff may be correct that consolidation would

11  result in considerable economy, given that Plaintiff's complaint, filed concurrently with its *ex parte*

12  application for temporary restraining order on January 10, 2007, has not been served upon

13  Defendants, Defendants will have had no notice of trial and could be unfairly prejudiced.

14                    **ORDER TO SHOW CAUSE**

15       IT IS FURTHER ORDERED that Plaintiff shall serve the complaint, motion for preliminary

16  injunction, and any supporting documentation previously filed with the court on Defendants within two

17  (2) days; that Defendants shall file an opposition brief to Plaintiff's motion no later than Wednesday,

18  January 17, 2007; that Plaintiff shall file a reply thereto no later than Monday, January 22, 2007; and

19  that Defendants shall appear before the Honorable Ronald M. Whyte in courtroom 6, 4th floor, United

20  States District Courthouse, located at 280 South First Street, San Jose, CA 95113, on Friday, January

21  26, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard, to show cause why they should

22  not be enjoined and restrained from distributing PACA trust assets as set forth in the temporary

23  restraining·order pending the final hearing and determination of this action.

24

25  ISSUED ON: <u>January 11, 2007</u> at <u>9:55 a.m.</u>     <u>/s/ James Ware</u>

26                                       JAMES WARE

                                         United States District Judge

27

28

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Lawrence Henry Meuers                    lmeuers@meuerslawfirm.com

4

5    **Counsel for Defendants:**
     (No appearance)

6

7    Counsel are responsible for distributing copies of this document to co-counsel that have not
     registered for e-filing under the court's CM/ECF program.

8

9

10   **Dated:**            1/11/07                          SPT
                                                     **Chambers of Judge Whyte**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Paul W. Moncrief, Esq. #204239
   LOMBARDO & GILLES, PC
2  318 Cayuga Street
   Salinas, California  93901
3  Telephone:  831.754.2444
   Facsimile:  831.754.2011
4
   Attorneys for Plaintiff,
5  Andrew Smith Company

6
7
8                    IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10 ANDREW SMITH COMPANY,                    No. C 06 - 00405
11           Plaintiff,                     [PROPOSED] TEMPORARY
                                            RESTRAINING ORDER AND
12 v.                                       ORDER TO SHOW CASUE RE:
                                            PRELIMINARY INJUNCTION AND
13 NATUREBEST PRE CUT & PRODUCE, LLC,       PROPOSED PRELIMINARY
   MAXIMILIANO MACHADO, and DOES 1-20       INJUNCTION
14 inclusive
15           Defendants.
16

17         Upon review of the Complaint of Plaintiff ANDREW SMITH COMPANY on file in

18 the above-captioned action, and the declarations, exhibits and Memorandum of Points and

19 Authorities in support of Plaintiff's Motion for a Temporary Restraining Order and/or

20 Preliminary Injunction submitted therewith, and any and all documents provided by

21 Defendants NATUREBEST PRE CUT & PRODUCE, LLC, MAXIMILIANO MACHADO, and

22 DOES 1-20 inclusive (hereinafter referred to collectively as "Defendants") in opposition

23 thereto, and it appearing to the satisfaction of the Court that this is a proper case for granting

24 a Temporary Restraining Order and Order to Show Cause,

25         IT IS HEREBY ORDERED that:

26         1.      Defendants appear in Courtroom of the U.S. District Court for the Northern

27 District of California, San Jose Division, 280 S, 1st Street, Rm. 2112, San Jose, California 95113

28

                                            1
   _____
   Andrew Smith Company v.Naturebest Precut, et al.
   [Proposed] Temporary Restraining Order

1    on FEB · 27 _____, 2006, at 9:00 a.m, or as soon thereafter as the matter may be

2    heard, then and there to show cause, if any they have, why they, their agents, bankers,

3    subsidiaries, successors, assignees, principals, employees, attorneys, and representatives

4    should not be restrained and preliminarily enjoined during the pendency of this action,

5    pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing,

6    or performing directly and indirectly, any and all of the following acts:

7            a.      Removing, withdrawing, transferring, assigning or selling to any other

8        person or entity, the proceeds from the sales of any or all existing or future inventories of

9        food or other products derived from perishable agricultural commodities as defined in

10        the Perishable Agricultural Commodities Act ("PACA" [7 U.S.C. §499e et *seq.*]), and/or

11        receipts of payment for products sold prior to the date of this order and/or otherwise

12        disposing of assets, books or funds;

13            b.      Taking any other action whatsoever which causes, has the effect of

14        causing, or which otherwise dissipates Plaintiff's beneficiary interest in PACA trust

15        assets;

16            c.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c) (1)

17        through (4), inclusive, and 7 U.S.C. §499b(4).

18        2.      Defendants, their owners, officers, directors, bankers, agents, subsidiaries,

19    successors, assignees, principals, assignors, attorneys and persons acting in concert with them,

20    appear at the same time and place to show cause, if any they have, why they should not be

21    commanded by order of this Court and required to distribute PACA trust assets in the amount of at

22    least $50,473.85, which includes $41,521.13, the cumulative amount of the PACA Trust

23    principal owing to Plaintiff, plus $2,415.22 in finance charges per agreement accrued from the

24    dates of default for each transactions through December 21, 2005 and attorneys' fees in the

25    amount of $6,387.50 and costs of $150.00.

26        3.      Pending the hearing and determination of the foregoing Order to Show Cause,

27    Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and

28    persons acting in concert with them shall be and hereby are prevented from transferring,

2

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

1  withdrawing or in any other manner removing PACA trust assets, including funds on deposit in

2  banking accounts held by or on behalf of Defendants, from Defendants' banking accounts,

3  including but not limited to Account Number 750232714 at Whitney National Bank, 12600

4  Memorial Drive, Houston, Texas 77024, or any other subsequently identified banking accounts

5  standing in the names of or for the benefit of Defendants, or any of them.

6      4.    Pending the hearing and determination of the foregoing Order to Show Cause,

7  and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be

8  preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any

9  and all of the following:

10      a.    Removing, withdrawing, transferring, assigning or selling to any other

11  person or entity, the proceeds from the sales of any or all existing or future inventories of

12  food or other products derived from perishable agricultural commodities, and/or receipts of

13  payment for products or crops sold prior to the date of this order and/or otherwise disposing

14  of assets, books or funds;

15      b.    Taking any other action whatsoever which causes, has the effect of

16  causing, or which otherwise dissipates the PACA trust assets;

17      c.    Taking any other action whatsoever which violates 7 U.S.C.

18  §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4).

19      5.    In the event Defendants lack sufficient funds to promptly deposit the sums

20  described above, Defendants shall be and hereby are required and ordered to:

21      a.    Immediately account to the Court and Plaintiff for all assets of the

22  PACA trust from commencement of Defendants' business through the date of this

23  Order.

24      b.    Immediately assign Defendants' inventory of perishable agricultural

25  commodities and produce related receivables to Plaintiff for sale and collection until

26  Plaintiff's PACA trust claims are fully paid, and deposit and/or deliver complete

27  accounts, records, and information of all of said receivables to Plaintiff's counsel

28  without charge to the trust, and subject to Plaintiff's counsel making a weekly

3

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

1   accounting for all receivables received or collected by Plaintiff's counsel in that

2   regard. Plaintiff's counsel shall act as trustee in connection with its duties of

3   collection of the accounts receivable and shall deposit any cash assets of the trust

4   which are collected under this order in a trust account.

5        c.     Endorse any checks made, endorsed or paid, to Defendants which are trust

6   assets and which are in their possession or obtainable by Defendants at the time of the

7   entry of this Order, or which Defendants obtain or which become obtainable by

8   Defendants after the entry of this Order, including but not limited to checks representing

9   payment for sales of inventory, and shall deliver such checks within 48 hours of

10  Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise,

11  Defendants shall deliver any cash assets of the PACA trust which are in its possession or are

12  obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or

13  which become obtainable by Defendants after entry of this Order, within 48 hours of

14  Defendants receipt of them to Plaintiff's counsel.

15       d.     File weekly with this Court satisfactory evidence of compliance with the

16  terms of this Order.

17       7.     Pending the hearing and determination of the foregoing Order to Show Cause,

18  and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full

19  and complete and continuing access to all of Defendants' books and records, which shall include

20  but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices,

21  ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business

22  and personal financial status from commencement of Defendants' business activities forward, for

23  the purpose of verifying Defendants' accountings required by this Order and for enforcement of

24  this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and

25  copying of the books and records of said Defendants by Plaintiff or its representatives at

26  Defendants' place of business,

27       8.     Pending the hearing and determination of the foregoing Order to Show Cause,

28  and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and

4

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

1   places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners,

2   directors, officers, shareholders, employees, agents and accountants concerning any matter

3   pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is

4   entitled to inspect under this Order, the trust assets or any of Defendants' business assets,

5   and/or Defendants business practices, procedures or operations from commencement of

6   Defendants' business activities.

7          9.      Plaintiff shall serve Defendants with copies of this Order and all pleadings and

8   other papers in support of the Order on or before Defendants shall file an Opposition, if any, to

9   the Order to Show Cause on or before 5:00 p.m. on FEB. 9, 2006 and shall personally

10  serve Plaintiff's counsel with a copy of said opposition by the same deadline.  Plaintiff shall file

11  and serve on Defendant a Reply to Defendants' Opposition on or before 5:00 p.m. on

12  FEB. 16, 2006

13         10.     No bond shall be required to be posted by Plaintiff before the Temporary

14  Restraining Order is effective.

15  DATED: February 3, 2006

16

17

18                                    _James Ware_
                                      U.S. DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

5